IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | No. 05-10136-01-WEB |
| ) | |
| NICHOLAS C. DEPETRIS, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**Memorandum and Order**

This matter came before the court on the defendant's objection to the Presentence Report. In the course of the sentencing hearing on January 9, 2006, the defendant withdrew his objection. This written order will supplement the court's statements concerning the objection.

In his sole objection to the Presentence Report, defendant challenged the application of a 2-level enhancement for obstruction of justice.[1] Defendant pointed out that the commentary to USSG § 3C1.1 states that "some types of conduct ordinarily not warrant application of this adjustment but may warrant

---

[1] Defendant asserts that the enhancement is based on the following facts: "As outlined in the offense conduct section, the defendant was staying in a residence that was in [his girlfriend] Rebecca Barwig's name, and he was using her cell phone and her vehicle. Mr. Depetris had also previously eluded law enforcement and had numerous residences in Wichita. He said he knew he was going to be arrested because his friend had already been arrested. The defendant was getting his things in order to leave when he realized officers were at his residence to arrest him. He refused to exit his residence at the time officers attempted to serve the instant federal warrant on him. A several-hour stand-off took place, and many official resources had to be used in order to get the defendant to comply. Residents in the surrounding neighborhood had to be evacuated in order for tear gas to be used, which resulted in the defendant and others finally exiting the residence." PSR, ¶ 130.

a greater sentence within the otherwise applicable guideline range...," USSG 3C1.1, comment., n.5, and that the types of conduct that do not ordinarily warrant the enhancement include "avoiding or fleeing from arrest." Defendant argued that his conduct essentially amounted to an effort to avoid arrest, and, as such, does not merit the enhancement. He argued that *U.S. v. Walcott*, 61 F.3d 635 (8th Cir. 1995) is distinguishable, because the defendant in *Walcott* changed his address, used aliases, and altered his appearance after learning that he had been charged, and he then refused to surrender after being caught. Defendant argues there is no evidence that he was aware a warrant for his arrest or an indictment had been filed when he changed residences, nor is there any evidence that he changed his appearance. He also asserted that any of his conduct prior to the filing of an arrest warrant or indictment is irrelevant insofar as the obstruction enhancement is concerned. *See* PSR, ¶ 131-35.

The Government argued in its response that the enhancement for obstruction should be applied. It argued that *Walcott* was on point with the instant case. It stated that the defendant moved from one residence to another because he knew he was in trouble, and that when he moved he got his girlfriend to rent the residences in her name. It also says that he used her vehicle and her phone so that he could hide from the authorities. When the authorities finally found him, the Government asserts, his actions forced the ATF to evacuate the neighborhood and to use tear gas to force him out of the house. It says that his conduct warrants the enhancement, and it argues in the alternative that the enhancement could be applied for creating a risk of serious bodily injury pursuant to § 3C1.2. *See* PSR, ¶ 135-51.

The Court noted at the outset of the sentencing hearing that the underlying facts of the case are more or less undisputed. The parties disagree about whether the defendant's conduct amounts to an "obstruction of justice" within the meaning of the guidelines, but there is no real dispute about what he did.

In the court's view the undisputed facts concerning the defendant's conduct -- including changing residences, using his girlfriend to avoid detection by the authorities, and creating a stand-off with the authorities in which they were forced to evacuate the neighbors and then use tear gas to get him out of a residence -- are sufficient to warrant an enhancement for obstruction of justice.  The defendant's conduct went beyond merely fleeing or avoiding arrest.  It involved a significant waste of resources and posed a serious danger to the officers involved.  The facts outlined in the Presentence Report show the defendant was engaged in a "cat and mouse" game with the authorities -- and that he engaged in the type of "calculated evasion" to which the enhancement should apply, as opposed to an "instinctive flight" from the authorities that does not warrant an enhancement.  *See U.S. v. Draves*, 103 F.3d 1328 (7th Cir. 1997).

With the 2-level enhancement for obstruction of justice, the defendant's guideline range would be 108-135 months (concurrent) on Counts 1 and 3, followed by a statutorily-mandated 60-month consecutive sentence on Count 2.  The court informed the parties with the application of this 2-level enhancement, the court finds it appropriate to follow the Government's recommendation in the plea agreement for a sentence at the low-end of the Guidelines -- that is, a sentence of 108 months on Counts 1 and 3, plus a 60-month consecutive sentence on Count 2.  The Court further informed that parties that if the enhancement were not to be applied, then the court could not go along with the Government's recommendation for the low end of the guideline range.  Without the enhancement, the defendant would be facing a guideline range of 87-108 months on Counts 1 and 3, plus 60-months consecutive on Count 2.  In that situation, the court concludes that a sentence at the high end of the guidelines would be appropriate -- that is, 108 months on Counts 1 and 3, plus 60 months consecutive on Count 2 -- in order to take into account the defendant's conduct in evading the officers and in creating this stand-off.  A

defendant who engages in this type of conduct cannot expect to receive the same sentence as someone who submits to arrest without causing such a dangerous situation. As the defendant's brief recognizes, the commentary to § 3C1.1 recognizes that conduct that does not warrant application of the enhancement may warrant a greater sentence within the guideline range.

Accordingly, the court informed the parties that it did not appear to make a great deal of difference whether the defendant's conduct was specifically labeled an "obstruction of justice," because in either event the court concluded that the same sentence was warranted under the undisputed facts in the Presentence Report.

Based on the court's announcement of this tentative sentence, the parties both announced that they had no evidence to present to the court, and the defendant subsequently withdrew his objection to the Presentence Report.

*Conclusion*.

Defendant's objection to the Presentence Report (Doc. 27 & 28) is DENIED on grounds of mootness in light of counsel's withdrawal of the objection. The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.

IT IS SO ORDERED this  9th  Day of January, 2006, at Wichita, Ks.

                                 s/Wesley E. Brown
                                 Wesley E. Brown
                                 U.S. Senior District Judge